# AFFIDAVIT IN SUPPORT OF CRIMINAL COMPLAINT

I, Jared Graziani, being first duly sworn, hereby depose and state as follows:

## INTRODUCTION AND AGENT BACKGROUND

1. I am a Special Agent with the Federal Bureau of Investigation (FBI), United States Department of Justice, and have been since October 2024. I am assigned to the Richmond Field Office of the FBI in Richmond, Virginia, and am responsible for conducting investigations pertaining to child exploitation and human trafficking. As part of my duties, I have received training regarding the investigation of federal crimes including, but not limited to, crimes against children, human trafficking, civil rights, and public corruption. By virtue of my employment with the FBI, I have performed a variety of investigative tasks including conducting arrests. As a Special Agent, I am an investigative or law enforcement officer within the meaning of 18 U.S.C. § 2510(7).

2. I make this affidavit in support of a criminal complaint charging the following individual, SAOEUN HING, with the Receipt of Child Pornography in violation of 18 U.S.C. § 2252A(a)(2)(A) and (b)(1), and Possession of Child Pornography in violation of 18 U.S.C. § 2252A(a)(5)(B) and (b)(2).

3. The facts in this affidavit come from my personal observations, my training and experience, and information obtained from other agents and witnesses. This affidavit is being submitted for the limited purpose to show merely that there is sufficient probable cause for the requested arrest warrant and does not include all of my knowledge about this investigation. I have identified facts that I believe are sufficient to charge HING with the criminal conduct set forth herein.

## RELEVANT STATUTORY PROVISIONS

4. As noted above, this investigation concerns alleged violations of the following:

   a. 18 U.S.C. § 2252A(a)(2)(A) and (b)(1) prohibit a person from knowingly receiving or distributing, or attempting or conspiring to receive or distribute, any child pornography or any material that contains child pornography, as defined in 18 U.S.C. § 2256(8), that has been mailed, or using any means or facility of interstate or foreign commerce shipped or transported in or affecting interstate or foreign commerce by any means, including by computer.

   b. 18 U.S.C. § 2252A(a)(5)(B) and (b)(2) prohibit a person from knowingly possessing or knowingly accessing with intent to view, or attempting or conspiring to do so, any material that contains an image of child pornography, as defined in 18 U.S.C. § 2256(8), that has been mailed, or shipped or transported using any means or facility of interstate or foreign commerce, or in or affecting interstate or foreign commerce, by any means, including by computer, or that was produced using materials that have been mailed or shipped or transported in or affecting interstate or foreign commerce by any means, including by computer.

5. **Child pornography** means any visual depiction, in any format, of sexually explicit conduct where: (A) the production involves the use of a minor engaging in sexually explicit conduct; (B) such visual depiction is a digital or computer-generated image that is substantially indistinguishable from that of a minor engaged in sexually explicit conduct; or (C) such visual depiction has been created, adapted, or modified to appear that an identifiable minor is engaged in sexual explicit conduct. *See* 18 U.S.C. § 2256(8).

6. **Visual depictions** include undeveloped film and videotape, and data stored on computer disk or by electronic means, which are capable of conversion into a visual image, and data which are capable of conversion into a visual image that has been transmitted by any means, whether or not stored in a permanent format. *See* 18 U.S.C. § 2256(5).

7. **Minor** means any person under the age of eighteen years. *See* 18 U.S.C. § 2256(1).

8. **Sexually explicit conduct** means actual or simulated: (i) sexual intercourse, including genital-genital, oral-genital, or oral-anal, whether between persons of the same or opposite sex; (ii) bestiality; (iii) masturbation; (iv) sadistic or masochistic abuse; or (v) lascivious exhibition of the genitals or pubic area of any person. *See* 18 U.S.C. § 2256(2).

## PROBABLE CAUSE

9. On January 23, 2025, agents of the Federal Bureau of Investigation and other law enforcement executed a search warrant at 9701 Jefferson Davis Highway, Trail 84, Richmond, Virginia 23237, the PREMISES. The search warrant was issued by a magistrate judge in the United States District Court for the Eastern District of Virginia. At the time of execution of the search warrant, law enforcement seized approximately 49 digital evidence items believed to belong to Saoeun HING, one of the residents of the PREMISES.

10. HING was interviewed at the time of the search warrant execution. HING disclosed that he and his mother have lived at the PREMISES since approximately 2021. HING admitted to owning several electronic devices, including two Apple laptops, three or four Android tablets, a Google Pixel 8 phone and an Apple iPhone 13.

11. HING admitted to using his electronic devices to view, download, and save pornography involving both adults and children. He has been downloading pornography for decades and has saved a lot of it on hard drives, CDs, DVDs, and Blu-Ray discs.

12.     HING told law enforcement that he used his older Apple laptop to access the Dark Web through a custom browser and view images and videos of minors engaged in sex acts on certain Dark Web sites. He has seen images and videos of individuals who were definite minors, including those that were under the age of 12. He has also seen images and videos depicting toddlers, but he is not into that young. In some images and videos, minors were engaged in sex with adults. In others the minors were posing nude. He has catalogued child pornography similarly to adult pornography. He keeps it on a hard drive and has re-watched it.

13.     HING also identified two of the sites he accessed to view child pornography. These sites included one known to law enforcement in the course of this investigation and "Naughty Kids". HING stated that he accessed Naughty Kids approximately one week ago. His username is "Jackfruitz". Naughty Kids is a forum-type site, so he looked at what other people were talking about then he looked at the new images and videos. He may have downloaded and saved some images and videos at that time. HING has a Windows partition on his laptop, which he uses to download and save child pornography. The child pornography will be in the downloads folder in the Windows partition.

14.     HING told law enforcement that he first saw child pornography over a decade ago. He gradually became less excited by adult pornography. Currently, he views approximately 80 percent adult pornography and 20 percent child pornography. Approximately 95-98 percent of the pornography he views is male-female. He may have downloaded a couple images or videos containing bestiality because he was curious, but they aren't his thing. He has seen child pornography images and videos depicting bondage, discipline, sadism, and masochism (BDSM).

15.     Upon review of an Apple laptop that was collected from HING's bedroom during the aforementioned search warrant execution, law enforcement identified approximately 796 files

constituting child pornography or child sexual abuse material (CSAM). For example, the file "068.avi" is a video of approximately 21 second in length depicting what appears to be a toddler with a hat and jacket performing oral sex on an adult male.

16. Further review of the Apple laptop revealed the file "10yo anal sex and cum.mp4", which is a video of approximately 1 minute 52 seconds in length depicting what appears to be a prepubescent female laying on a plaid bedspread being anally penetrated by an adult male's penis. The referenced file appears in the "Downloads" folder on the laptop, as HING indicated to law enforcement that it would.

## CONCLUSION

17. Based on the information detailed above, I respectfully submit there is probable cause to charge SAOEUN HING, with the Receipt of Child Pornography in violation of 18 U.S.C. § 2252A(a)(2)(A) and (b)(1) and Possession of Child Pornography in violation of 18 U.S.C. § 2252A(a)(5)(B) and (b)(2).

Respectfully Submitted,

Jared Graziani
Special Agent
FBI Richmond Field Office

SUBSCRIBED and SWORN before me this 29th day of APRIL 2025.

/s/ MRC
Mark R. Colombell
United States Magistrate Judge

5